PHILIP M. MILLER (SBN 87877)
pmiller@sjlawcorp.com
ANNE BEVINGTON (SBN 111320)
abevington@sjlawcorp.com
KIMBERLY A. HANCOCK (SBN 205567)
khancock@sjlawcorp.com
JULIE A. OSTIL (SBN 215202)
jostil@sjlawcorp.com
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, JAMES H. BENO, Trustee, BILL BRUNELLI, Trustee, STEPHEN J. MACK, Trustee, CHRIS CHRISTOPHERSEN, Trustee, DON CROSATTO, Trustee, MARK HOLLIBUSH, Trustee, JON ROSELLE, Trustee, DOUG CORNFORD, Trustee, and JAMES V. CANTERBURY, Trustee,

Plaintiffs,

v.

CARLO V. GARDIN, Individually, and dba C.R.O. IMPORT AUTO SERVICE, a sole proprietorship, and DOES 1-10,

Defendants.

Case No.: C 12-01001 DMR

**JUDGMENT PURSUANT TO STIPULATION**

The parties to this action hereby stipulate and agree that Judgment be entered in favor of Plaintiffs AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, JAMES H. BENO, Trustee, BILL BRUNELLI, Trustee, STEPHEN J. MACK, Trustee, CHRIS CHRISTOPHERSEN, Trustee, DON CROSATTO, Trustee, MARK HOLLIBUSH, Trustee, JON ROSELLE, Trustee, DOUG CORNFORD, Trustee, and JAMES V. CANTERBURY, Trustee, and against Defendant CARLO V. GARDIN, Individually, and dba C.R.O. IMPORT AUTO SERVICE, as follows:

1. Plaintiffs shall have judgment against Defendant in the amount of **$57,000.00**, payable as follows:

1     (a)      Defendant shall pay Plaintiffs **$3,000.00** on or before December 1, 2012;

2     (b)      Beginning on or before January 1, 2013, and continuing on or before the 1st day of each month thereafter for a period of 54 months, Defendant shall pay to Plaintiffs the amount of **$1,000.00** per month.

    (c)      Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment. Defendant may request a "payout demand" at any time during the payment period, for satisfaction of this Judgment.

    (d)      Payments shall be made payable to the "*Automotive Industries Pension Trust Fund*" and shall be delivered to Anne M. Bevington at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, to be <u>received</u> on or before the 1st day of each month, or to such other address as may be specified by Plaintiffs.

2.      Plaintiffs shall not execute on this Judgment as long as Defendant is not in default of his payment obligation under this Stipulation and Judgment, or within the 15-day default cure period provided herein.

3.      Upon payment in full of all sums due under this Stipulation and Judgment, Plaintiffs shall promptly file and serve Notice of Satisfaction of Judgment in full.

4.      If Defendant fails to make any payment referenced herein in a timely manner as required, or if payment is made and fails to clear the bank, or is unable to be negotiated for any reason, Defendant shall be considered to be in default of his payment obligation under this Stipulation and Judgment.

5.      If Defendant is in default, Plaintiffs shall make a written demand to Defendant to cure the default *within fifteen (15) days* of the date of the notice from Plaintiffs. Notice of default shall be sent by certified mail to Carlo Gardin, CRO Import Auto Services, 3241 Kerner Blvd., San Rafael, CA 94901.

6.      If any default is caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the fifteen (15) day cure period. All future payments shall be made by cashier's check at Plaintiffs' option.

7.      If a default is not timely cured as provided in this Stipulation and Judgment, the

- 2 -    JUDGMENT PURSUANT TO STIPULATION
CASE NO. C 12-01001 DMR
P:\CLIENTS\AUTPF\W\CASES\CRO Imports\Pleadings\Judgment\CRO Jmt Pursuant to Stipulation.doc

following will occur:

 (a) The entire balance of **$57,000.00**, reduced by payments received from Defendant pursuant to this Judgment, and increased by interest on the unpaid amount of the Judgment from the date of default at the rate of 7% simple interest per annum, shall be immediately due, together with any attorneys' fees and costs as provided by subparagraph (d) of this paragraph.

 (b) A Writ of Execution may be obtained against Defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default. Plaintiffs and Defendant specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution herein.

 (c) The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant.

 (d) Defendant shall pay all attorneys' fees and costs incurred by Plaintiffs in connection with collection of the amounts owed by Defendant to Plaintiffs under this Stipulation and Judgment.

8. In the event of the filing of a bankruptcy petition by the Defendant, the parties agree that any payments made pursuant to the terms of this Stipulation and Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

9. Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation and Judgment shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

10. Should any provision of this Stipulation and Judgment be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

1 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
2 Stipulation and Judgment.
3     11.    This Stipulation and Judgment is limited to the Plaintiffs' assessment, in or about
4 August 2011, of withdrawal liability against Defendant arising from Defendants' withdrawal from
5 the Automotive Industries Pension Trust Fund in or about April 2011.
6     12.    All parties represent and warrant that they have had the opportunity to be or have
7 been represented by counsel of their own choosing in connection with entering into this Stipulation
8 under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.
9     13.    This Stipulation may be executed in any number of counterparts and by facsimile,
10 each of which shall be deemed an original and all of which shall constitute together one and the
11 same instrument.
12     14.    Defendant represents and warrants that he has read this Stipulation with care, is fully
13 aware of its terms, and enters into this Stipulation voluntarily and without duress.

14 *PLAINTIFFS:*      *DEFENDANT:*

15 AUTOMOTIVE INDUSTRIES PENSION      CARLO V. GARDIN, individually and dba
   TRUST FUND, JAMES H. BENO, Trustee,      C.R.O. IMPORT AUTO SERVICE
16 BILL BRUNELLI, Trustee, STEPHEN J.
   MACK, Trustee, CHRIS
17 CHRISTOPHERSEN, Trustee, DON
   CROSATTO, Trustee, MARK
18 HOLLIBUSH, Trustee, JON ROSELLE,
   Trustee, DOUG CORNFORD, Trustee, and      Carlo V. Gardin
19 JAMES V. CANTERBURY, Trustee
                                                             Dated: 10-17, 2012
20
21 By: _____
   Donald D. Crosatto, Trustee
22 Dated: 10-26, 2012
23
24 IT IS SO ORDERED AND ADJUDGED.
25 Dated: October 30, 2012
26                                 Donna M. Ryu
                                UNITED STATES MAGISTRATE JUDGE
27
28

4    JUDGMENT PURSUANT TO STIPULATION
      CASE NO. C 12-01001 DMR
C:\DOCUME~1\crovolvo\LOCALS~1\Temp\CRO Proposed Jmt Pursuant to Stipulation.doc